IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : |
|---|---|
| LESLIE L. SANDER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-684-LPS |
| | : |
| LIGHT ACTION, INC., | : |
| | : |
| Defendant. | : |
| | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Leslie L. Sander's Motion for Reconsideration. (D.I. 59) ("Motion") By her Motion, Sander asks the Court to reconsider its March 21, 2012 Memorandum Opinion and Order denying her motion for partial summary judgment and leave to file a second amended complaint, and granting Defendant's motion for summary judgment. (D.I. 57; D.I. 58) Plaintiff's Motion is DENIED.

**I.     LEGAL STANDARDS**

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec. 30,

2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

In her Motion, Sander contends the Court erred in its finding based upon the record that Plaintiff was paid a "guaranteed base salary of $60,000," and therefore erroneously dismissed Counts I and II of her Complaint seeking overtime compensation under the Fair Labor Standards Act. (*See* D.I. 59 ¶¶ 1-5) Plaintiff further submits the Court erroneously dismissed her Count III retaliation claim. (*See id.* ¶¶ 6-7) Having considered Sander's Motion, and response thereto, the Court continues to believe, for the reasons set forth in its Memorandum Opinion, there is no basis in the record to make any finding other than that Plaintiff was paid a guaranteed base salary of $60,000 annually, and finds nothing in the Motion that would justify the relief Sander now seeks with respect to her retaliation claim as pled. (*See* D.I. 57) Accordingly, Plaintiff's Motion is DENIED.

May 18, 2012

_____
UNITED STATES DISTRICT JUDGE